[No. 23552. Department Two. February 9, 1932.]

F. W. Loomis, *Respondent,* v. Caroline Stromburg, *Appellant.*[1]

*Martin F. Smith* and *Carl J. Smith,* for appellant.
*Clark W. Adams,* for respondent.

Beals, J.—The north half of block two of Toklas & Kaufman's subdivision of tract two, block two, Evans & Lewis' Grays Harbor homesteads, a subdivision in or near the city of Aberdeen, faces Fourth street, and is bounded on the east by Williams street and on the west by Thornton street. The lots are numbered one to eleven from east to west, lot one being twenty feet wide, the other lots, save lot eleven, with which we are not concerned, being each twenty-five feet in width.

During the month of April, 1919, defendant Caroline Stromburg acquired lots three and four of the

[1] Reported in 7 P. (2d) 973.

block above referred to, having a frontage of fifty feet on Fourth street. Some years later, plaintiff acquired lot five and the east half of lot six of the same block, having a frontage of thirty-seven and one-half feet. This litigation concerns the title to the easterly four and one-half feet of lot five, to which defendant claims title by adverse possession.

Plaintiff instituted this action against defendant, the owner of the fee simple title to lots three and four, and against Tom and Mary Yuskiw, contract purchasers of that property, for the purpose of procuring a decree quieting his title, as against defendants, to the easterly four and one-half feet, more or less, of lot five, to which plaintiff alleges defendants make some claim, which plaintiff contends is without foundation or right.

Defendant Caroline Stromburg answered, admitting her claim to the strip of land in dispute, and, by way of affirmative defenses, alleging, first, that she had a record title to the strip and that she had been in open, notorious possession thereof and had paid all taxes legally assessed thereon for seven years next prior to the institution of this action; next, that she had been in open, continuous, hostile and adverse possession of the premises in question, under a claim of right, for more than ten years; and, finally, by way of a plea of *res judicata,* that the matter had been adjudicated in an action entitled ''Tom Yuskiw v. Caroline Stromburg,'' and that the plaintiff in this action was estopped by the decree in the action mentioned from asserting any right to the area in dispute.

Plaintiff having replied, denying the affirmative allegations in defendant's answer, the action was tried to the court, and resulted in findings of fact and conclusions of law in plaintiff's favor, pursuant to which

the court entered a decree quieting plaintiff's title to the land described in the complaint, from which decree defendant Caroline Stromburg appeals.

It appears from the evidence that appellant and her then husband, during the month of April, 1919, acquired title to lots three and four, at which time the property was improved with a frame dwelling which the Stromburgs immediately occupied as their home. At this time, there were several families living in the vicinity, but it clearly appears that the land was very wild and rough, overgrown with alder and bushes, and that many large stumps encumbered the surface of the ground. It is probable that the mistake in the placing of the lot lines was occasioned by the fact that those who undertook to locate them assumed that lot one on the northeast corner of the block was twenty-five feet, instead of twenty feet, in width, and that measurements were accordingly made on that basis from the northeast corner of the block, which, allowing twenty-five feet for lot one, threw the side-lines of the respective lots each five feet too far to the west.

Mr. and Mrs. Stromburg immediately commenced to improve their property, clearing land and planting flower beds and a small vegetable garden. Appellant, while admitting that Mr. Stromburg was away for several months during the summer and fall of 1919, testified that he did a great deal of work in and about the property, clearing the same and making the lot sightly, productive and convenient. Appellant testified that, when she and her husband took possession of the property, the westerly line of the lot was indicated by stakes, which were pointed out to her as marking the westerly boundary of the property which she had purchased, and that her husband cleared and cultivated the lot up to this line, upon which a fence was later

constructed. As to when this fence was built, the testimony is in dispute.

This action was commenced by the filing of the complaint September 10, 1930, the principal question to be determined on this appeal being whether or not, prior to that date, appellant's title to the strip in dispute had vested, by reason of ten years open, continuous, notorious and adverse possession under a claim of right. We find no basis in the record for any contention on the part of appellant that she had obtained title to the strip by possession thereof under color of title and payment of taxes for seven years, as it is clear that she neither had color of title to the strip nor paid any taxes thereon.

At the time of the initiation of appellant's ownership of the property, lot five was entirely unimproved, and was, in common with most of the block, extremely rough. Several persons who resided in the neighborhood at and shortly after the time appellant entered into possession of her property, testified that the fence, which appellant constructed as her line fence to the west, was not built until after the fall of 1920, or less than ten years prior to the institution of this suit.

We have carefully read the record, and conclude that the evidence preponderates in favor of the findings of the trial court to the effect that appellant did not, for ten years next prior to the action, have such possession of the area in dispute as would result in the acquisition of title thereto by appellant by reason of adverse possession. We base this conclusion upon the testimony as to the initiation of appellant's possession of and claim to any portion of lot five.

Appellant knew that she had purchased only fifty feet of land, and it nowhere appears that she intended to claim title to any more than this, although she did,

of course, testify that she at all times claimed title up to the stakes, which she testified indicated that the westerly boundary of her tract was along a line which is, in fact, five feet or a little less over on lot five. Appellant's testimony, however, as to the initiation and perfecting of her claim to this strip is not sufficiently clear, definite and satisfactory to warrant this court in holding, contrary to the findings of the trial court, that appellant has established her title thereto by adverse possession.

Under the pleadings, the burden rested upon appellant to prove her case, the record title being in respondent, and we hold that the evidence introduced on behalf of appellant does not satisfy the requirements of law in order to establish title by adverse possession. In reaching this determination, we disregard the testimony as to the removal of the line fence by Tom Yuskiw, in accordance with respondent's demand, and, as appellant contends, without authority from her.

Appellant's plea of *res judicata* is based upon the following facts: A few years prior to the institution of this action, appellant, by written contract, agreed to sell lots three and four to Tom and Mary Yuskiw. Shortly after respondent acquired title to his tract, he discovered that appellant's westerly fence was over his lot line, whereupon he served notice on Mr. and Mrs. Yuskiw and upon appellant, requiring them to remove the fence and yield to him possession of all of lot five. Sometime after the service of this notice, Mr. Yuskiw did remove the line fence to the true line of lot four, and thereafter retained respondent, who is a practicing attorney, to bring an action against appellant for damages, based upon the claim that appellant had contracted to sell him land to which she could not give good title. On the trial of this action, the same was by the court dismissed.

It is appellant's contention that, because respondent acted in this suit as Mr. Yuskiw's attorney, the judgment of dismissal therein entered operates as *res judicata* against respondent's action to quiet his own title to all of lot five.

The action of Yuskiw v. Stromburg was a suit for damages. In the case at bar, appellant's counsel, referring to the suit now under discussion, said:

"We defended the former action on the theory that it could not be maintained by the plaintiffs in that action, the vendee in a contract, an executory contract, to prove (sic) real estate; and that the action, if any, should have been brought by Mr. Loomis, the adjoining land owner, to try out the issue of title by possession. He should have brought the action in ejectment and that the damages which Yuskiw claims could have been . . ."

The prior action was a suit for damages between appellant and her contract vendee. Under all the circumstances, we are satisfied that, in the case at bar, the trial court correctly held that the judgment of dismissal entered in the suit of Yuskiw v. Stromburg does not operate as *res judicata* in this action.

Careful consideration satisfies us that the trial court was correct in quieting respondent's title to the land in dispute.

Decree affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.